**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5000**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH LAUCHON JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.  James A. Beaty, Jr., Chief District Judge. (1:08-cr-00272-JAB-1)

Submitted:  March 31, 2011              Decided:  April 13, 2011

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Lauchon Jackson pled guilty pursuant to a plea agreement to conspiracy to interfere with commerce by robbery, 18 U.S.C. § 1951(a) (2006), and two counts of carry and use, by brandishing and discharging, a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), (iii), (C)(i) (2006). He received a total sentence of 650 months' imprisonment. On appeal, Jackson argues that (1) the district court erred in accepting his guilty plea, in violation of his Due Process rights, because he did not knowingly and voluntarily plead guilty; and (2) the Assistant United States Attorney made improper statements at sentencing that resulted in prosecutorial misconduct. We affirm.

Jackson first argues that his guilty plea was not knowingly and voluntarily entered and, therefore, the district court erred in accepting it, in violation of his Due Process rights. Because Jackson did not move in the district court to withdraw his guilty plea, the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, Jackson "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error

lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). The defendant bears the burden of showing plain error. Id.

Absent compelling evidence to the contrary, the "truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that a defendant's declaration at the Rule 11 hearing "carr[ies] a strong presumption of verity"); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (concluding that a defendant's statements at a Rule 11 hearing that he was neither coerced nor threatened were "strong evidence of the voluntariness of his plea"). We have reviewed the transcript of the Rule 11 hearing in light of Jackson's arguments on appeal and we conclude that his plea was knowing and voluntary and that the court did not plainly err in accepting the plea.

Jackson next argues the Assistant U.S. Attorney made improper and prejudicial remarks at sentencing that amounted to prosecutorial misconduct. Specifically, Jackson complains the prosecutor improperly referenced a murder charge and other robbery charges pending against Jackson. The prosecutor,

3

Jackson argues, in fact highlighted for the court the presence in the courtroom of the mother of the store clerk who was shot and killed during one of the robberies, noting that Jackson engaged in ten additional robberies thereafter.

To succeed on a claim of prosecutorial misconduct, Jackson must prove that the prosecution's conduct was in fact improper, and that he was deprived of a fair trial because of the prejudicial conduct. United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). Because Jackson did not raise this claim in the district court, we again review for plain error. See United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). Assuming without deciding the prosecutor's statements were error, we find that the statements did not prejudice Jackson. We therefore find no plain error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED